J-S06013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSE RODRIGUEZ, :
:
Appellant : No. 2057 EDA 2016

Appeal from the Judgment of Sentence May 13, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007913-2015

BEFORE: BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: **FILED MAY 21, 2018**

Jose Rodriguez appeals from the aggregate judgment of sentence of twelve to twenty-five years incarceration, followed by five years probation, imposed after Appellant was convicted of attempted murder, aggravated assault, and other crimes in a bench trial. We affirm.

On May 5, 2015, Appellant confronted an intoxicated Christopher "Coop" Cooper and accused him of attempting to take over drug sales on the block. Appellant punched Mr. Cooper in the face, the two men fought, and Mr. Cooper eventually pulled away and went into the home of Charshelene Moses, where she lived with her sons Dawan and Tamere (aged twenty-two and seventeen, respectively). Mr. Cooper remained in the basement until Dawan Moses summoned everyone outside to find Appellant in the back of the residence. Appellant promptly resumed his argument with Mr. Cooper,

pulled out a gun, fired at least three shots at Mr. Cooper's chest, and ran away. Mr. Cooper was treated for a gunshot wound in his leg as well as wounds he had sustained during the initial fight with Appellant.

As a result, Appellant was charged with, and convicted of, attempted murder, aggravated assault, simple assault, recklessly endangering another person, possession of a firearm prohibited, carrying a firearm without a license, carrying a firearm on a public street, and possessing an instrument of crime, and was sentenced as indicated above. Appellant filed a timely post-sentence motion, and, after it was denied, filed a timely notice of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our review.

1. Was the evidence insufficient as a matter of law such that no reasonable fact[-]finder could have found [Appellant] guilty of attempted murder beyond a reasonable doubt where there was no evidence of record that [Appellant] had the intent to kill [Mr.] Cooper[?]

2. Was the verdict of guilty against the weight of the evidence because there was contradictory testimony given by [Appellant] that he did not shoot [Mr.] Cooper and that he was not present when the shooting occurred[?]

Appellant's brief at 8.

We first consider our standard of review applicable to Appellant's sufficiency challenge.

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the

evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

**Commonwealth v. Williams**, 176 A.3d 298, 305-06 (Pa.Super. 2017)

(citations and quotation marks omitted).

Appellant claims that there was insufficient evidence to sustain his

conviction for attempted murder.

A person may be convicted of attempted murder if he takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act. The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before the actual commission of the crime. The *mens rea* required for first-degree murder, specific intent to kill, may be established solely from circumstantial evidence. The law permits the fact[-]finder to infer that one intends the natural and probable consequences of his acts.

**Commonwealth v. Jackson**, 955 A.2d 441, 444 (Pa.Super. 2008) (cleaned

up). "It is well-settled that specific intent to kill can be established through

circumstantial evidence such as the use of a deadly weapon on a vital part of

the victim's body." **Commonwealth v. Johnson**, 107 A.3d 52, 66 (Pa.

2014) (citation omitted).

Appellant contends that the Commonwealth failed to prove that he had the specific intent to kill Mr. Cooper. He claims that the leg, where Mr. Cooper was shot, is not a vital organ, and that Ms. Moses's testimony does not establish that Appellant aimed his shots at a vital organ. Appellant's brief at 12-13. Appellant further argues that there was no evidence offered to show his state of mind, such as any threats to kill Mr. Cooper. *Id*. at 13.

The Commonwealth disagrees with Appellant's assessment. It maintains that the relevant inquiry is not whether Appellant in fact shot Mr. Cooper in a vital organ, but whether the evidence suggests that such was his intent. Commonwealth's brief at 10. The Commonwealth states that Appellant's recitation of Ms. Moses's testimony is incorrect, and that her testimony establishes that Appellant shot Mr. Cooper with the intent to kill him. *Id*.

The trial transcript reflects that Ms. Moses offered the following testimony when asked to describe what happened after she, Mr. Cooper, and Dawan went outside.

> [Ms. Moses]      [Appellant] was having a little fuss with Cooper. I thought they was getting ready to fight or something. I'm like, what's going on? Then next thing I know, he pulled out this little gun.
>
> Q      Who's "he"?
>
> A      [Appellant]. And I looked him dead in his face and I said, "I know you not going to shoot nobody with that little gun."
>
> . . . .

- 4 -

Q    What did he do after you said that to him?

A    He looked me in my face and he still -- he looked me in my face like this, turned back around and just started shooting.

Q    Shooting where?

A    Coop.

Q    At Coop?

A    At Coop.

Q    What part of Coop's body was the gun aimed at?

A    I thought it was his chest and stuff, but the way, you know, he was holding it, he was just shooting like this. He was going to his chest. And I started screaming. And that's when he turned around and he ran.

Q    Who turned around and ran?

A    [Appellant].

Q    How many gunshots did you hear?

A    I know at least three.

N.T. Trial, 3/8/16, at 50-52.

The record thus supports the Commonwealth's contention that Appellant fired a deadly weapon pointed at Mr. Cooper's chest. The fact that Appellant missed his mark does not negate the inference that he intended to shoot Mr. Cooper in a vital organ, and thus took a substantial step toward killing Mr. Cooper. Such evidence was sufficient to prove that he acted with the specific intent to kill for attempted murder. ***See***, ***e.g.***, ***Commonwealth***

*v. Tucker*, 143 A.3d 955, 964–65 (Pa.Super. 2016) (holding that evidence was sufficient to support attempted murder conviction of victim where shots missed victim's head and victim was hit in the leg).

Appellant's remaining appellate issue is a claim that his convictions are against the weight of the evidence. Accordingly, the following principles apply.

> Appellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054–55 (Pa. 2013). This standard applies even when the trial judge also rendered the verdict at issue as the finder of fact. *See*, *e.g.*, *Commonwealth v. Konias*, 136 A.3d 1014, 1023 (Pa.Super. 2016) (applying the above standard to a weight challenge following a bench trial).

Appellant claims that the verdict is against the weight of the evidence for the following reasons. No firearm was recovered from Appellant, and no ballistics evidence connected him to the crime. Appellant's brief at 15. Mr. Cooper at trial denied that Appellant was the one who shot him, and was admittedly intoxicated at the time he was shot and when he gave his initial

statement to police identifying Appellant. *Id*. at 15-16. Further, Appellant testified that he did not shoot Mr. Cooper, and was at a different location at the time of the incident. *Id*. at 15.

The trial court found Appellant's testimony "to be self-serving and not truthful." Trial Court Opinion, 12/2/16, at 7. Rather, it credited the testimony of the Commonwealth's witnesses. The trial court thus found "that Appellant's convictions did not shock the conscience." *Id*. at 6.

Aside from the testimony of Ms. Moses detailed above, the Commonwealth offered that of Detective Kenneth Rossiter. Detective Rossiter indicated that Mr. Cooper, who did not "appear to be under the influence of anything," stated both that Appellant was the one who fought him and shot him, and identified and signed a photograph of Appellant as the perpetrator. N.T. Trial, 3/8/16, at 39-44. These Commonwealth witnesses, if believed, established Appellant's identity as the shooter. It was the province of the trial court, who observed all of the witnesses, to determine that these witnesses were credible, and those relied upon by Appellant are not. Accordingly, our review of the record reveals no abuse of discretion on the part of the trial court in holding that the verdict did not shock its conscience, and Appellant is entitled to no relief from this Court on his weight-of-the-evidence claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/18